51 F.3d 264
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Kenneth C. HAWLEY, Plaintiff, Appellant,
v.
ATLANTIC CELLULAR TELEPHONE CORPORATION, Defendant, Appellee.
 No. 94-2218
 United States Court of Appeals,
First Circuit.
 April 7, 1995.
 
 Appeal from the United States District Court for the District of Maine [Hon. D. Brock Hornby, U.S. District Judge ] [Hon. David M. Cohen, U.S. Magistrate Judge ]
 William C. Nugent, with whom Wright & Nugent, P.A. was on brief for appellant.
 Jerrol A. Crouter, with whom Daniel J. Rose and Drummond Woodsum & McMahon were on brief for appellee.
 D.Me.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and SELYA, Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Kenneth C. Hawley, brought suit against his former employer, defendant-appellee, Atlantic Cellular Telephone Corp., for damages resulting from defendant's termination of plaintiff. Plaintiff, an account executive when discharged, brought a seven-count complaint alleging: defamation (Count I); intentional infliction of emotional distress (Count II); negligent infliction of emotional distress (Count III); breach of contract (Count IV); invasion of privacy for the public disclosure of private facts (Count V); invasion of privacy for placing plaintiff in a false light in the public eye (Count VI); and punitive damages (Count VII).
 
 
 2
 At the close of discovery, defendant moved for summary judgment on all counts save the breach of contract claim. The district court granted summary judgment for defendant on all the counts specified in defendant's motion. The contract claim (Count IV) was settled. Plaintiff has appealed only the judgments on the defamation claim (Count I) and the negligent infliction of emotional distress claim (Count III).
 
 
 3
 After carefully reading the record and the briefs, we affirm the judgment of the district court for the reasons stated in its order dated September 2, 1994.
 
 
 4
 The judgment of the district court is AFFIRMED.